IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-00523-MSK-MEH

OMOYEMEN EYEKHOBHELO,

    Plaintiff,

v.

THE CITY OF COLORADO SPRINGS, a body politic and corporate of the State of Colorado, acting by and through its agency the Colorado Springs Municipal Courthouse;
ANN CROSSEY, acting in her capacity as the Director of Human Resources; and
STEVEN COX, acting in his capacity as the Chief Executive Officer for the City of Colorado Springs,

    Defendants.

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) **(#10)**, to which Plaintiff Omoyemen Eyekhobhelo responded **(#20)**, and Defendants replied **(#22)**. Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Background

This is an employment discrimination lawsuit. Ms. Eyekhobhelo is a former employee of Defendant City of Colorado Springs ("Colorado Springs"). According to her Complaint, (**#1**), Ms. Eyekhobhelo is a naturalized United States citizen; her country of origin is Nigeria. She began working as a Probation Clerk in the Colorado Springs municipal court in December 2006.

On April 21, 2009, she observed a job posting for the position of Probation Technician. A requirement of the position was that applicants had to take and pass a "Work Keys Test."[1] Ms. Eyekhobhelo had previously taken the test but had failed one component.

Ms. Eyekhobhelo alleges that she was advised by an employee in the Human Resources Department that she would not be permitted to retake the test because she had failed it five times. Ms. Eyekhobhelo disputed this, asserting that she had only taken it once. Thereafter, she was told that she had failed it three times. Ms. Eyekhobhelo again disputed this and asked to meet with the Department head or someone from the agency that administered the test to challenge the inaccuracy. This request was refused and Ms. Eyekhobhelo was told that if she continued to ask for meetings with the head of Human Resources her position with the city would be eliminated. Ms. Eyekhobhelo believes that because of her accent her employers did not attempt to understand what she was trying to explain to them with respect to correcting the mistake.

Ms. Eyekhobhelo filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). In her charge, she checked boxes claiming discrimination based on race, color, national origin, and retaliation. In the narrative section of the charge, she stated the following:

> From approximately May 15, 2009, I have been denied the opportunity to test and interview for Probation Technician positions.
>
> I believe I have been discriminated against based on my race/color (Black) and national origin (Nigerian), and that I have been retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, in as much as:
>
> The Human Resources manager told me that my application was not forwarded for consideration because I did not meet the

---

[1] The nature of this test is not described in the Complaint.

>requirements for the position. The Human Resources Manager told me that I have tested 5 times at the Pikes Peak Work Force Center (PPWFC) and that PPWFC had put me on a program with D-11 before I can test again. I tried several times to meet with PPWFC and Human Resources to inform them that I have not tested 5 times and that I should not have been put on any program. Nobody would meet with me and my caseloads were taken away from me. I was told my position can be eliminated at anytime if I decide to pursue this matter any further.
>
>I was not given the same opportunity that five white employees received when they tested and interviewed for the Probation Technician position. None of these employees that were interviewed had ever worked in Probation and none have ever carried a caseload. I have received Probation training and have worked a caseload as a Probation Technician and a Probation Officer. A less experienced employee, outside my protected status was selected for the Probation Technician position.

Exh. A to Mot. To Dismiss, #**10-1**.

Ms. Eyekhobhelo's Complaint asserts claims of discrimination based on race and national origin under a disparate treatment theory, disparate impact theory, and retaliation.

### III. Analysis

Defendants move for dismissal of the Complaint on several grounds: (1) the official capacity claims against the individual defendants are redundant; (2) Ms. Eyekhobhelo did not exhaust her disparate impact, retaliation, and national origin claims; and (3) her allegations are insufficient to state a claim upon which relief can be granted. Ms. Eyekhobhelo concedes that her claims against the individual defendants are unnecessary and should be dismissed; therefore, only the second and third arguments are addressed.

**A.     Exhaustion**

A plaintiff may not bring a claim under Title VII unless he or she has first exhausted

administrative remedies by filing a specific charge of discrimination with the EEOC. *See Simms v. Oklahoma ex. rel., Dep't of Mental Health and Substance Abuse Servs.,* 165 F.3d 1321, 1326 (10th Cir.1999); *Jones v. Runyon*, 91 F.3d 1398, 1400 n. 1 (10th Cir.1996). Under this rule, a plaintiff is generally barred from bringing a Title VII action based upon claims that were not part of the employee's EEOC charge. *See Simms*, 165 F.3d at 1326. A plaintiff is required to exhaust his or her administrative remedies for "each discrete incident of [discriminatory] treatment" because each incident constitutes a separate "unlawful employment practice." *See Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir.2003) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002)). Exhaustion of remedies prior to filing a suit provide two benefits: (i) it provides notice of the alleged violation to the employer charged with engaging in unlawful behavior; and (ii) it gives the EEOC an opportunity to conciliate the claim. *Id.* The failure to allege a particular act of discrimination in a charge operates to deprive the courts of jurisdiction to hear claims based on alleged discriminatory acts not included in the charge. *See Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005).

The first issue is whether Ms. Eyekhobhelo exhausted her disparate impact claim. Disparate impact claims "involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1187 (10th Cir. 2006). Review of Ms. Eyekhobhelo's charge of discrimination shows no facts that would give notice of an alleged violation of Title VII based on a disparate impact theory. Although Ms. Eyekhobhelo mentions a presumably facially neutral employment practice, a generally applied test, there is nothing to indicate that she alleges the test affects persons in her protected category more harshly than others. Her charge concerns exclusively her efforts to correct an alleged

misunderstanding about how many times she had taken the test, and does not assert any defect in the test itself. Accordingly, to the extent that Ms. Eyekhobhelo asserts a disparate impact claim of discrimination, it is barred for failure to exhaust.

The remaining exhaustion challenges concern Ms. Eyekhobhelo's retaliation theory and her claim of national origin discrimination. Her Complaint contains the same facts concerning the alleged retaliation as contained in the charge, specifically that when she attempted to dispute her eligibility to retake the test she was threatened with the loss of her job.[2] This is sufficient to put Colorado Springs on notice regarding the nature of the claim and, therefore, the retaliation claim is exhausted. In addition, as noted by Ms. Eyekhobhelo, the distinction between race and national origin is not a bright line. *Daemi v. Church's Fried Chicken, Inc.*, 931 F.2d 1379, 1387 n. 7 (10th Cir. 1991). Ms. Eyekhobhelo's allegation that she was treated differently than persons outside of her protected class in connection with her dispute, in addition to her checking the form indicating that she alleged national origin discrimination, is sufficient to exhaust her claim in this regard.

**B.    Failure to State a Claim**

Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. There is a strong presumption against dismissal for failure to state a claim under Rule 12(b)(6). *See Cottrell, Ltd. v. Biotrol Int'l, Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999). However, a claim must be dismissed if the complaint does not contain enough facts to make the claim "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if the complaint contains sufficient facts for a court to draw an inference that the defendant is liable for the alleged misconduct. *See*

---

[2] Whether this adequately states a claim of retaliation under Title VII is discussed below.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *id.* at 556).  Although a plaintiff is not required to include detailed factual allegations in a complaint, the complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" and must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  In reviewing a complaint under Rule 12(b)(6), a court should accept, as true, all well-pleaded facts and construe all reasonable allegations in the light most favorable to a plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

Ms. Eyekhobhelo's discrimination claims are premised on her allegation that, because of her race or national origin, she was denied the opportunity to apply for a position and was not permitted to correct a mistake as to her eligibility to retake a test required for the position.  As a plaintiff, Ms. Eyekhobhelo has the burden of initially establishing a *prima facie* case of race and national origin discrimination by showing (1) she belongs to a protected class; (2) she suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination. *Equal Employment Opportunity Comm'n v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007).  Defendants do not dispute that Ms. Eyekhobhelo's allegations are sufficient to demonstrate that she belongs to a protected class, but argue that the facts alleged do not show an adverse employment action or any circumstances giving rise to an inference of discrimination.

The Tenth Circuit instructs that the term "adverse employment action" be liberally defined. *Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 532 (10th Cir.1998).  An employer's action that causes "harm to future employment prospects," such as a negative job reference, can be considered an adverse employment action. *See Berry v. Stevinson Chevrolet*, 74 F.3d 980, 986–87 (10th Cir.1996).  Denying Ms. Eyekhobhelo the opportunity to contest her eligibility to

retake the test could be considered an adverse employment action if it harmed her future employment prospects. In addition, Ms. Eyekhobhelo has alleged that other individuals outside of her protected class were not threatened with job loss when they attempted to clarify mistakes or meet with city personnel. These facts, if true, would be sufficient to give rise to an inference that the adverse treatment suffered by Ms. Eyekhobhelo was due to discrimination.

Ms. Eyekhobhelo also asserts that she suffered retaliation in violation of Title VII. To establish a *prima facie* case of retaliation under Title VII, Ms. Eyekhobhelo must "demonstrate (1) that [s]he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1202 (10th Cir.2006) (footnote omitted). In her Complaint, she alleges that her protected activity was trying to apply for an open position and that the adverse action was denial of the opportunity to retake the "WorkKeys" test. Defendants argue that the allegations do not demonstrate any protected opposition to discrimination and that merely opposing some practice of the employer is insufficient to state a claim.

In order to engage in protected opposition to discrimination, an employee must oppose an employment practice made unlawful by Title VII. *Petersen v. Utah Dept. of Corrections*, 301 F.3d 1182 (10th Cir. 2002). "Although no magic words are required, to qualify as protected opposition the employee must convey to the employer his or her concern that the employer has engaged in a practice made unlawful by [anti-discrimination statutes]." *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1203 (10th Cir. 2008). Ms. Eyekhobhelo alleges no facts indicating that she opposed a violation of Title VII, or that she even mentioned discrimination in her protests and complaints regarding her eligibility to retake the test. *Peterson*, 301 F.3d at 1188

("[A]n employer cannot engage in unlawful retaliation if it does not know that the employee has opposed or is opposing a violation of Title VII."). Certainly the mere act of trying to apply for an open position does not amount to protected opposition to discrimination, nor does simply challenging an alleged error in the employer's records. Therefore, Ms. Eyekhobhelo's allegations are insufficient to state this element of the claim and it should be dismissed.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) **(#10)** is **GRANTED IN PART AND DENIED IN PART.** The claims against Defendants Ann Crossey and Steven Cox are dismissed, the disparate impact claim is dismissed for failure to exhaust, and the retaliation claim is dismissed unless within 14 days, the Plaintiff files a motion to amend the Complaint and an amended Complaint alleging facts sufficient to state a claim under this theory. The Plaintiff's disparate treatment discrimination claim based on race and national origin remains pending.

Dated this 19th day of October, 2011

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge